Jon D. Williams, USB # 8318
9 Exchange Pl #600
Salt Lake City, UT 84111
Telephone: (801) 746-1460
Facsimile: (801) 746-5613

Mark J. Geragos, California State Bar #108325
Shelley Kaufman, California State Bar #100696
GERAGOS & GERAGOS, APC
644 South Figueroa Street
Los Angeles, California 90017
Telephone: (213) 625-3900
Facsimile: (213) 625-1600
geragos@geragos.com
*[Pro Hac Vice applications pending]*

Attorneys for Plaintiffs MELISSA KENNEDY and FREDERICK WILLARD

FILED
U.S. DISTRICT COURT

2013 JUN 12 A 10: 36

DISTRICT OF UTAH

BY:_____
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF UTAH
# CENTRAL DIVISION

| | |
|---|---|
| MELISSA KENNEDY; FREDERICK WILLARD; and THE ESTATE OF DANIELLE MISHA WILLARD,<br><br>Plaintiffs,<br><br>v.<br><br>WEST VALLEY CITY; SHAUN COWLEY; KEVIN SALMON; JOHN COYLE; THAYLE "BUZZ" NIELSEN; and DOES 1-10,<br><br>Defendants. | Civil Action:_____<br><br>**COMPLAINT FOR DAMAGES (VIOLATION OF CIVIL RIGHTS)**<br><br>Case: 2:13-cv-00434<br>Assigned To : Shelby, Robert J.<br>Assign. Date : 6/12/2013<br>Description: Kennedy et al v. West Valley City et al<br><br>**DEMAND FOR TRIAL BY JURY** |

1

Plaintiffs Melissa Kennedy and Frederick Willard, as individuals and on behalf of the Estate of Decedent Danielle Misha Willard, allege:

## STATEMENT OF FACTS

1. On November 2, 2012, at approximately 1:30 p.m., decedent Danielle Misha Willard, 21 years old, was fatally shot in the back of her head, assassination style, by Defendants Shaun Cowley and Kevin Salmon, members of the narcotics unit of the West Valley City Police Department, while she was seated in her vehicle in the parking complex of the Lexington Apartments, located at 3710 South 2200 West, West Valley, Utah. Defendants' execution of Danielle Willard was without justification, unrelated to any legitimate law enforcement purpose, and done purposefully and/or in reckless disregard of her safety and well-being.

2. Since the tragic shooting of Danielle Willard, it has been uncovered that Officers Cowley and Salmon were engaged in a pattern and practice of illegal conduct and widespread and systemic corruption, sanctioned by the West Valley Police Department, culminating in the unjustified and senseless killing of Danielle Willard.

3. Defendant John Coyle was the lieutenant in charge of the narcotics unit and the supervisor of Officers Cowley and Salmon. He not only tolerated known wrongdoings by officers within his unit, but he also actively participated in the rampant corruption which ultimately led to the untimely and unwarranted death of Danielle Willard.

4. Defendant Thayle "Buzz" Nielsen was the former police chief of the West Valley Police Department and ultimately responsible for the officers within his command. His lack of oversight and supervision, and his disregard for the constitutional rights of the public, resulted in the wrongdoings alleged herein, including the unjustified shooting of Danielle Willard.

5. In the months following Danielle Willard's fatal shooting, the narcotics unit of the West Valley Police Department was disbanded. To date, two supervisors and five other rank and narcotics unit officers have been placed on administrative leave, along with Officers Cowley and Salmon; another West Valley City Police Department officer, Michael Valdes, was discovered in Wyoming, dead from what appeared to be a self-inflicted gunshot wound; and Chief Nielsen has retired.

6. West Valley City admits to rampant corruption and systemic constitutional violations by its officers, including mishandling of evidence, confiscation of drugs for personal benefit, theft of seized property, illegal use of GPS tracking systems, improper use of confidential drug informants, and commission of perjury.

7. Since the shooting death of Danielle Willard, Salt Lake County District Attorney Sim Gill has sought the dismissal of 115 criminal cases and the United States Attorney's Office has dismissed eleven criminal cases as a result of the illegal conduct of the defendant officers and others within the Department.

### PARTIES

8. Danielle Willard's legal heirs are her parents, who survive her after her brutal killing.

9. At all times herein mentioned, Plaintiff Melissa Kennedy was the mother of Danielle Willard and direct heir to her daughter.

10. At all times herein mentioned, Plaintiff Frederick Willard was the father of Danielle Willard and direct heir to his daughter.

11. Plaintiffs are the heirs and personal representatives of the estate of Danielle Misha Willard pursuant to Utah Code 78B-3-106.5(1)(a).

12. At all times herein mentioned, Defendant West Valley City was a governmental entity organized and existing under the laws of the State of Utah.

3

13. At all times herein mentioned, Defendant Shaun Cowley ("Cowley") was a police officer employed by West Valley City.

14. At all times herein mentioned, Defendant Kevin Salmon ("Salmon") was a police officer employed by the West Valley City.

15. At all times herein mentioned, Defendant John Coyle ("Coyle") held the rank of lieutenant and employed by West Valley City.

16. At all times herein mentioned, Defendant Thayle "Buzz" Nielsen ("Nielsen") was the police chief of the West Valley Police Department and employed by West Valley City.

17. At all times herein mentioned, defendants Does 1 through 6 were members of the West Valley City Police Department and acting under color of law.

18. At all times herein mentioned, defendants Does 7 through 10 were supervisors, managers, and/or high ranking officers of the West Valley City Police Department and acting under color of law.

19. Defendants Does 1 through 10, inclusive, are sued herein under fictitious names. Their true names and capacities are unknown to Plaintiffs at this time. When their true names and capacities are ascertained, Plaintiffs will amend this complaint by inserting their true names and capacities herein. Plaintiffs are informed and believe and thereon allege that each of the fictitiously named Defendants is responsible in some manner for the occurrences herein alleged, and that Plaintiffs' damages as herein alleged were proximately caused by those Defendants. Each reference in this complaint to "Defendant," "Defendants," or a specifically named Defendant refers also to all Defendants sued under fictitious names.

20. Plaintiffs are informed and believe and thereon allege that at all times herein mentioned, each of the Defendants, including all Defendants sued under fictitious names, was the agent and employee of each of the remaining Defendants, and in doing

the things hereinafter alleged, was acting within the course and scope of this agency or employment.

21. Plaintiffs are informed and believe that Does 1 through 10 were police officers with the City of West Valley and each of them approved, ratified, condoned, encouraged, participated in, and/or sought to cover up the continuing pattern and practice of misconduct and/or civil rights violations by Defendants including the unjustified shooting of Danielle Willard by Officers Cowley and Salmon.

## JURISDICTION

22. The Court has jurisdiction over this action pursuant to 28 U.S.C. Section 1331 [federal question] and 28 U.S.C. Section 1343(3) [civil rights]. Venue lies in the District of Utah, the judicial district in which the claim arose, pursuant to 28 U.S.C. Section 1391(b).

## FIRST CAUSE OF ACTION

### (Violation of Civil Rights 42 U.S.C. § 1983

### by Plaintiffs against Defendants Cowley, Salmon, and Does 1 through 6)

23. Plaintiffs hereby incorporate and reallege the preceding paragraphs as though fully set forth herein.

24. Defendants Cowley, Salmon, and Does 1 through 6 are police officers employed by the City of West Valley and at all relevant times were acting under color of state law.

25. Plaintiffs bring this claim for relief in their capacity as the successors-in-interest and personal representatives of the decedent Danielle Willard.

26. The foregoing claim for relief arose in decedent's favor, and decedent would have been the plaintiff with respect to this claim for relief had she lived.

27. Defendants, acting under color of state law, deprived the decedent of rights, privileges, and immunities secured by the Constitution and laws of the United States, including those enumerated in and secured by the Fourth Amendment to the Constitution, by subjecting decedent Danielle Willard to excessive force in the unjustified shooting of decedent.

28. The wrongful acts of defendant police officers alleged hereinabove were the cause of death of the decedent.

29. As a proximate result of the foregoing wrongful acts of Defendants, and each of them, the decedent sustained general damages, including pain and suffering, and a loss of the enjoyment of life and other hedonic damages, in an amount according to proof.

30. In doing the foregoing wrongful acts, Defendants, and each of them, acted in reckless and callous disregard of the constitutional rights of decedent. The wrongful acts, and each of them, were willful, oppressive, fraudulent, and malicious, thus warranting the award of punitive damages against each individual defendant in an amount adequate to punish the wrongdoers and deter future misconduct.

31. As further damage, Plaintiffs have incurred and will continue to incur attorneys' fees, and pursuant to 42 U.S.C. § 1988, are entitled to recovery of costs and fees in pursuing rights for a violation of 42 U.S.C. § 1983.

## SECOND CAUSE OF ACTION

(Violation of Civil Rights 42 U.S.C. § 1983 –

**Deprivation of the Rights of Plaintiffs to a Familial Relationship with the Decedent by Plaintiffs against Cowley, Salmon, and Does 1 through 6)**

32. Plaintiffs hereby incorporate and reallege the preceding paragraphs as though fully set forth herein.

33. Defendants, acting under color of state law, deprived Plaintiffs of their right to a familial relationship without due process of law by their use of unjustified and fatal force against Danielle Willard with the deliberate intent to cause Danielle Willard harm so that she could not and would not return to her parents in her home state of Washington, in violation of rights, privileges, and immunities secured by the First and Fourteenth Amendments to the United States Constitution.

34. As a result of the foregoing wrongful acts of Defendants, and each of them, Plaintiffs sustained general damages, including grief, emotional distress, pain and suffering, loss of comfort and society, and special damages, including loss of support, in an amount according to proof.

35. In doing the foregoing wrongful acts, Defendants, and each of them, acted in reckless and callous disregard of the constitutional rights of Plaintiffs. The wrongful acts of Defendants, and each of them, were willful, oppressive, fraudulent, and malicious, thus warranting the award of punitive damages against each individual defendant in an amount adequate to punish the wrongdoers and deter future misconduct.

36. As further damage, Plaintiffs have incurred and will continue to incur attorneys' fees, and pursuant to 42 U.S.C. § 1988, are entitled to recovery of costs and fees in pursuing rights for a violation of 42 U.S.C. § 1983.

## THIRD CAUSE OF ACTION

### (Violation of Civil Rights 42 U.S.C. § 1983 – *Monell*

### by Plaintiffs against Coyle, Nielsen, West Valley City and Does 7 through 10)

37. Plaintiffs hereby incorporate and reallege paragraphs the preceding paragraphs as though fully set forth herein.

38. Plaintiffs bring this claim for relief in their capacity as the successors-in-interest and personal representatives of the decedent.

39. Defendants Coyle, Nielsen, West Valley City and Does 7 through 10, knowingly and with gross negligence, maintain, permit, and ratify policies and customs which allow the occurrence of the types of wrongs set forth hereinabove, all in deliberate indifference to the constitutional rights of citizens.

40. West Valley City continued the employment of Cowley and Salmon and allowed little to no supervision of these officers in spite of the fact that these officers had prior citizen complaints for misconduct. Defendant Coyle was a lieutenant with the West Valley Police Department and allowed the rampant corruption, as well as participated in the corruption within the department, which all led to the death of Danielle Willard.

41. The widespread corruption in the West Valley Police Department, and in particular, within the narcotics unit, includes mishandling of evidence, confiscation of drugs for personal benefit, theft of seized property, illegal use of GPS tracking systems, improper use of confidential drug informants, and commission of perjury.

42. The pervasive and rampant misconduct engaged in by West Valley police officers, and particularly the narcotics unit, are evidence of the City's deliberate indifference to the constitutional rights of the citizens of West Valley, as well as evidence of policies and practices that allow for the violations of the Fourth Amendment which led to the shooting death of Danielle Willard.

43. The City's deliberate indifference in the training of its law enforcement officers related to the use of reasonable force and lawful seizures, as well as the deliberate indifference by the police department's hierarchy to the safety of its citizens or the adherence to the Constitution's protection of individual rights, are the moving force behind the misconduct engaged in by Officers Cowley and Salmon. The widespread corruption and misconduct of West Valley City officers are all factors leading to the shooting death of Danielle Willard.

44. Further, the City's ratification of police misconduct, along with its failure to conduct adequate investigations of misconduct, led to the violations of the Plaintiffs' and the decedent's constitutional rights.

45. Plaintiffs are informed and believe, and thereon allege, that the customs and policies of the West Valley City Police Department were the moving force behind the violations of Plaintiffs' rights. Based upon the principles set forth in *Monell v. New York City Dept. of Social Services*, the City of West Valley is liable for all of the injuries sustained by Plaintiffs as set forth above.

46. Due to the conduct of Defendants, and each of them, Plaintiffs have incurred and will continue to incur attorneys' fees, and are entitled to recovery of said fees pursuant to 42 U.S.C. § 1988.

## FOURTH CAUSE OF ACTION

### (Violation of Civil Rights 42 U.S.C. § 1983 – Deprivation of the Rights of Plaintiffs to a Familial Relationship with the Decedent – *Monell*

### by Plaintiffs against Coyle, Nielsen, West Valley City and Does 7 through 10)

47. Plaintiffs hereby incorporate and reallege the preceding paragraphs as though fully set forth herein.

48. Defendants Coyle, Nielsen, the City of West Valley, and Does 7 through 10, knowingly and with gross negligence, maintain and permit policies and customs which allow the occurrence of the types of wrongs set forth hereinabove, all in deliberate indifference to the constitutional rights of citizens.

49. Defendants Coyle, Nielsen, the City of West Valley, and Does 7 through 10 deprived Plaintiffs of their right to a familial relationship without due process of law by allowing their officers to use unjustified and fatal force against Danielle Willard with the deliberate intent to cause Danielle Willard harm so that she could not and would not return to her parents in her home state of Washington, in violation of rights, privileges,

and immunities secured by the First and Fourteenth Amendments to the United States Constitution.

50. West Valley City continued the employment of Cowley and Salmon and allowed little to no supervision of these officers in spite of the fact that these officers had prior citizen complaints for misconduct. Defendant Coyle was a lieutenant with the West Valley Police Department and allowed the rampant corruption, as well as participated in the corruption within the department, which all led to the death of Danielle Willard.

51. The widespread corruption in the West Valley Police Department, and in particular, within the narcotics unit, includes mishandling of evidence, confiscation of drugs for personal benefit, theft of seized property, illegal use of GPS tracking systems, improper use of confidential drug informants, and commission of perjury.

52. The pervasive and rampant misconduct engaged in by the West Valley police officers, and particularly the narcotics unit, are evidence of the City's deliberate indifference to the constitutional rights of the citizens of West Valley, as well as evidence of policies and practices that allow for the violations of the Fourth Amendment which led to the shooting death of Danielle Willard.

53. The City's deliberate indifference in the training of its law enforcement officers related to the use of reasonable force and lawful seizures, as well as the deliberate indifference by the police department's hierarchy to the safety of its citizens or the adherence to the Constitution's protection of individual rights, are the moving force behind the misconduct engaged in by Officers Cowley and Salmon. The widespread corruption and misconduct of West Valley City officers are all factors leading to the shooting death of Danielle Willard.

54. Further, the City's ratification of police misconduct, along with its failure to conduct adequate investigations of misconduct, led to the violations of the Plaintiffs' and the decedent's constitutional rights.

55. Plaintiffs are informed and believe, and thereon allege, that the customs and policies of the West Valley City Police Department were the moving force behind the violations of Plaintiffs' rights. Based upon the principles set forth in *Monell v. New York City Dept. of Social Services*, the City of West Valley is liable for all of the injuries sustained by Plaintiffs as set forth above.

56. In acting as alleged herein, Defendants, and each of them, caused Danielle Willard's demise and severe physical and emotional injuries to the surviving Plaintiffs, thereby causing Plaintiffs to be damaged in an amount according to proof.

57. Due to the conduct of Defendants, and each of them, Plaintiffs have incurred and will continue to incur attorneys' fees, and are entitled to recovery of said fees pursuant to 42 U.S.C. § 1988.

## FIFTH CAUSE OF ACTION
### (Wrongful Death – Negligence
### by Plaintiffs against All Defendants)

58. Plaintiffs repeat and reallege each of the allegations contained in the preceding paragraphs and incorporate the same as though fully set forth hereinafter.

59. Defendants Cowley, Salmon, and Does 1 through 6, acting within the scope of their duties as police officers with the City of West Valley, were negligent when they shot and killed decedent Danielle Willard, an individual with whom they came in contact in their capacity as police officers.

60. Defendants Coyle and Nielsen, as supervisors, owed a duty to the public to properly train and supervise the police officers under their command. Defendants Coyle and Nielsen failed to provide adequate training, supervision and guidance to Cowley and Salmon, all leading to the untimely and unwarranted death of Danielle Willard.

61. Defendants owed decedent Danielle Willard a duty to conduct themselves reasonably and safely so as not to harm Danielle Willard who was sitting in her vehicle when she was shot from behind and killed by West Valley police officers.

62. Defendants are liable for their negligent acts pursuant to Utah Code 63G-7-301(4).

63. Plaintiffs filed timely claims pursuant to Utah Code 63G-7-401.

64. Plaintiffs are proper parties with standing pursuant to Utah Code 78B-3-105, and hereby pursue remedies on behalf of their daughter and for the wrongful death of their daughter, against Defendants, and each of them, for pecuniary loss and other compensable injuries resulting from the loss of the society, comfort, attention, services, and support of the decedent.

65. The loss of their daughter will continue to cause great and severe damages to Plaintiffs Melissa Kennedy and Frederick Willard, all in an amount according to proof.

66. As a further direct result of the acts, omissions, negligent conduct, and/or reckless disregard for the safety of decedent by Defendants, and each of them, Plaintiffs have incurred funeral and burial expenses in an amount according to proof.

67. As a further direct result of the acts, omissions, negligent conduct, and/or reckless disregard for the safety of decedent by Defendants, and each of them, Plaintiffs have incurred medical bills and other incidental costs and expenses in an amount according to proof.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment against Defendants, and each of them, as follows:

1. For general damages in an amount according to proof;
2. For special damages in an amount according to proof;
3. For punitive damages against the individual officers, in an amount according to proof;
4. For injunctive relief;
5. For reasonable attorneys' fees and costs where applicable;
6. For costs of suit herein incurred; and
7. For such other and further relief as the Court may deem just and proper.

Dated: June /2, 2013

JON D. WILLIAMS
GERAGOS & GERAGOS, APC


By: _____
JON D. WILLIAMS
Attorneys for Plaintiffs
MELISSA KENNEDY and
FREDERICK WILLARD

## DEMAND FOR TRIAL BY JURY

Plaintiffs hereby request a trial by jury.

Dated: June 12, 2013

JON D. WILLIAMS
GERAGOS & GERAGOS, APC


By: _____
JON D. WILLIAMS
Attorneys for Plaintiffs
MELISSA KENNEDY and
FREDERICK WILLARD