R. BLAKE HAMILTON (Bar No. 11395)
ASHLEY M. GREGSON (Bar No. 13716)
**STIRBA, P.C.**
215 South State Street, Suite 750
P.O. Box 810
Salt Lake City, Utah 84110-0810
Telephone: (801) 364-8300
Facsimile: (801) 364-8355
E-mail: bhamilton@stirba.com

*Attorneys for Defendant John Coyle*

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| MELISSA KENNEDY; FREDERICK WILLARD; and THE ESTATE OF DANIELLE MISHA WILLARD,<br><br>Plaintiffs,<br><br>v.<br><br>WEST VALLEY CITY; SHAWN COWLEY; KEVIN SALMON; JOHN COYLE; THAYLE "BUZZ" NIELSEN; and DOES 1-10,<br><br>Defendants. | **DEFENDANT JOHN COYLE'S MOTION FOR JUDGMENT ON THE PLEADINGS ON PLAINTIFFS' THIRD, FOURTH AND FIFTH CAUSES OF ACTION AND MEMORANDUM IN SUPPORT THEREOF**<br><br>Case No. 2:13-cv-00434<br><br>Judge Robert J. Shelby |

Pursuant to Rules 8, 12(c), and 12(h)(2)(B) of the Federal Rules of Civil Procedure, Defendant John Coyle ("Defendant Coyle"), by and through undersigned counsel hereby submits this Motion and Memorandum in Support of Motion for Judgment on the Pleadings on Plaintiffs'

Third, Fourth and Fifth Causes of Action.[1]  For the reasons set forth below, Plaintiffs' Third, Fourth and Fifth Causes of Action against Defendant Coyle are subject to dismissal with prejudice.

## INTRODUCTION

Pursuant to Rule 12(b)(6) and for the purposes of this Motion only, Defendant Coyle recites the facts in the light most favorable to Plaintiffs as pled in the Complaint.  On November 2, 2012 Defendants Shawn Cowley ("Officer Cowley") and Kevin Salmon ("Officer Salmon"), acting as narcotics unit officers for West Valley City, shot Danielle Misha Willard ("Willard"), who died as a result.  Defendant Coyle was a lieutenant in charge of the narcotics unit in West Valley City and the supervisor of Officers Cowley and Salmon at the time of the shooting.

After the shooting, the West Valley City narcotics unit allegedly uncovered evidence of misconduct on the part of certain narcotics officers, which consisted of "mishandling of evidence, confiscation of drugs for personal benefit, theft of seized property, illegal use of GPS tracking systems, improper use of confidential drug informants, and commission of perjury." Complaint [Doc. 1], ¶ 6.

## ARGUMENT

**I.   RULE 12(c) STANDARD.**

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2).  A party may request judgment on the

---

[1] Plaintiffs' First and Second Causes of Action are not brought against Defendant Coyle, and therefore are not addressed in this Motion.

2

pleadings "[a]fter the pleadings are closed – but early enough not to delay trial." *Id.* at 12(c). A Motion for Judgment on the Pleadings is reviewed under the same standard as a Rule 12(b)(6) Motion to Dismiss. *Pleas v. First Student, Inc.*, 837 F.Supp.2d 1250, 1252 (D.Kan. 2011). A complaint is subject to dismissal under Rule 12(b)(6) if it "fails[s] to state a claim upon which relief can be granted." *Id.* at 12(b)(6).

To state a claim sufficient to survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations omitted). While Rule 8 "does not require detailed factual allegations ... it demands more than an unadorned, the-defendant unlawfully-harmed-me accusation." *Id.* (*citing Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007)). The complaint must offer more than "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "naked assertions devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678. At a minimum, the facts pled must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957); *see Leatherman v. Tarrant Cnty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 168 (1993).

While this Court must accept reasonable inferences derived from well-pleaded facts, it need not accept "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," or "legal conclusions couched as factual allegation." *Id.*; *see Bryson v. City of Edmond*, 905 F.2d 1386, 1390 (10th Cir. 1990); *GRR Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997). In addition, if a plaintiff fails to allege an

essential element of his or her claim, the complaint does not sufficiently state a claim upon which relief may be granted and may be dismissed. *See Forest Guardians v. Forsgren*, 478 F.3d 1149, 1160 (10th Cir. 2007). For the reasons below, Defendant Coyle moves for judgment on the pleadings, and argues that Plaintiffs' claims are subject to dismissal with prejudice.

## II. PLAINTIFFS' FIFTH CAUSE OF ACTION IS SUBJECT TO DISMISSAL UNDER THE GOVERNMENTAL IMMUNITY ACT.

### A. Plaintiffs Have Failed To File An Undertaking Pursuant To State Law.

In Utah, when suing an employee of a government entity, the plaintiff must file an undertaking with the court. Utah Code Ann. § 63G-7-601. Courts enforce these requirements strictly. *See Rippstein v. City of Provo*, 929 F.2d 576, 577 (10th Cir. 1991) (enforcing previous versions of the undertaking statute in a wrongful death case against police officer). Plaintiffs did not provide the Court with the appropriate $300.00 undertaking when filing their Complaint. The Court's Docket does not reflect any such deposit and counsel for Defendant Coyle has confirmed this fact with the Court's financial department.[2] This failure to comply with Utah Code Ann. § 63G-7-601 requires dismissal of Plaintiffs' state law claim.

### B. Plaintiffs' Fifth Cause Of Action Is Barred By The Governmental Immunity Act.

The Governmental Immunity Act of Utah (the "Act") provides that an action "against a governmental entity for an injury caused by an act or omission that occurs during the performance of an employee's duties, within the scope of employment, or under color of

---

[2] Courts may take judicial notice of information in the public record, including in the Court's own files, without having to convert a motion to dismiss into a motion for summary judgment. *See Tal v. Hogan*, 453 F.3d 1244, 1264 n.24 (10th Cir. 2006).

4

authority is a plaintiff's exclusive remedy." Utah Code Ann. § 63G-7-202(3)(a). Further, "[a] plaintiff may not bring or pursue any civil action or proceeding based upon the same subject matter against the employee ... whose act or omission gave rise to the claim, unless: (i) the employee acted or failed to act through fraud or willful misconduct ... ." Utah Code Ann. § 63G-7-202(3)(c)(i).[3]

Plaintiffs allege that Defendant Coyle "failed to provide adequate training, supervision and guidance to Cowley and Salmon" to support their claim that Defendant Coyle was negligent. Doc. 1, ¶ 60. Thus, Plaintiffs have attempted to bring a cause of action for the failure to act during the performance of Defendant Coyle's duties, which the Act prohibits unless the alleged actions are fraud or willful misconduct. Plaintiffs' Complaint fails to allege sufficient facts to show Defendant Coyle committed fraud or willful misconduct as it relates to their Negligence/Wrongful Death cause of action. Instead, Plaintiffs have merely pled that Defendant Coyle owed a duty to adequately train his employees and he failed to meet that duty. Complaint, Doc. 1, ¶ 60. Such claims amount to mere negligence, for which Plaintiffs' exclusive remedy is against the governmental entity, in this case, West Valley City. For this reason, this Court must dismiss this cause of action against Defendant Coyle.

Furthermore, even if Plaintiffs' Fifth Cause of Action is properly brought against Defendant Coyle as an individual employee, the Act provides Defendant Coyle with immunity from liability. Utah courts apply the immunity provisions of the Act using a three-part test.

---

[3] This provision of the Act contains additional exceptions which are not applicable here (i.e., driving a vehicle, the use of drugs or alcohol, etc.). Utah Code Ann. § 63G-7-202(3)(c).

Courts consider (1) whether the activity constitutes a government function entitled to general immunity, (2) whether the immunity is waived by the Act, and (3) whether the act provides an exception to the waiver.  *See Clegg v. Wasatch County*, 2010 UT 5, ¶ 11, 227 P.3d 1243 (citing *Ledfors v. Emery County Sch. Dist.*, 849 P.2d 1162 (Utah 1993)).  Here, Plaintiffs' claims are subject to certain exceptions to the waiver.

First, the Act grants general immunity from suit to government entities and their employees "for any injury that results from the exercise of a governmental function."  Utah Code Ann. § 63G-7-201(1).  The Act defines a governmental function as "each activity, undertaking, or operation of a governmental entity" and its employees, including the failure to act.  Utah Code Ann. § 63G-7-102(4).  As an employee of West Valley City, these provisions apply to Defendant Coyle's alleged actions and failures to act.

Second, the Act provides several waivers to this immunity, including for negligent acts or omissions within the scope of employment.  *See generally* Utah Code Ann. § 63G-7-301(4).  Plaintiffs' Fifth Causes of Action consists of allegations of negligence against Defendant Coyle.  *See* Complaint, Doc. 1, ¶¶ 8-10.  Therefore, the waiver of general immunity for negligence claims applies here.

However, this wavier is limited by certain applicable exceptions.  The Act provides that the waiver for negligence claims does not apply when the claimed injury "arises out of, in connection with, or results from ... assault, battery, ... or violation of civil rights."  Utah Code Ann. § 63G-7-301(5)(b). Plaintiffs allege that their injury arises out of the shooting of Willard, which would constitute an assault or battery. *See Thomson v. Salt Lake County*, 584 F.3d 1304,

1323 (10th Cir. 2009) (holding that the UGIA battery exception barred negligence claim where the injury arose from a shooting, even though plaintiff did not bring a battery claim). Plaintiffs also allege their injuries were the result of civil rights violations in the form of excessive force and unconstitutional policies and customs. Doc. 1, ¶¶ 27, 39. Therefore, these exceptions to the general waiver apply to the allegations in Plaintiffs' Complaint and bar the Fifth Cause of Action against Defendant Coyle, and this Court should grant dismissal with prejudice.

### III. ONLY PLAINTIFF THE ESTATE OF WILLARD CAN ASSERT CLAIMS FOR THE ALLEGED VIOLATIONS OF WILLARD'S CONSTITUTIONAL RIGHTS.

It is well established that "a section 1983 claim must be based upon the violation of [the] plaintiff's rights, and not the rights of someone else." *Archuleta v. McShan*, 897 F.2d 495, 497 (10th Cir. 1990) (citing *Dohaish v. Tooley*, 670 F.2d 934, 936 (10th Cir. 1982) ("[T]he § 1983 civil rights action is a personal suit. It does not accrue to a relative, even the father of the deceased.")). The Tenth Circuit has recognized that the proper federal remedy in a section 1983 death case is "a survival action, brought by the estate of the deceased victim." *Berry v. City of Muskogee*, 900 F.2d 1489, 1506-07 (10th Cir. 1990). Accordingly, to the extent that any of Plaintiffs' causes of action purport to assert Willard's claims on behalf of anyone other than her estate, they must be dismissed with prejudice.

### IV. PLAINTIFFS' THIRD AND FOURTH CAUSES OF ACTION ARE INADEQUATELY PLED.

Plaintiffs' Third and Fourth Causes of Action claim a "Violation of Civil Rights 42 U.S.C. §1983 – *Monell*" and "Violation of Civil Rights 42 U.S.C. §1983 Deprivation of the

Rights of Plaintiffs to a Familial Relationship with the Decedent – *Monell*" ("*Monell* Claims")[4] against Defendants Coyle, Nielsen and West Valley City.  Doc. 1 at 7.  Regarding Defendant Coyle, Plaintiffs make two allegations:

> Defendant[] Coyle . . . knowingly and with gross negligence, maintain[s], permit[s], and ratif[ies] policies and customs which allow the occurrence of the types of wrongs set forth hereinabove, all in deliberate indifference to the constitutional rights of citizens.
> . . .
>
> Defendant Coyle was a lieutenant with the West Valley Police Department and allowed the rampant corruption, as well as participated in the corruption within the department, which all led to the death of Danielle Willard.

*Id.* ¶¶ 39-40, 48-50.  The remaining allegations pertaining to this cause of action deal only with West Valley City.  *See id.* ¶¶ 41-44, 51-54.

The Supreme Court in *Monell* determined that municipalities cannot be held liable for civil rights violations under a theory of *respondeat superior*, but rather may only be held liable upon a showing that the "execution of a government's policy or custom ... inflicts the injury that the government as an entity may be responsible under § 1983."  *Monell v. Dept. of Social Services*, 436 U.S. 658, 694 (1978).  Thus, a successful *Monell* claim must plead three elements: (1) the existence of an official policy or custom, (2) causation, and (3) "deliberate indifference to an almost inevitable constitutional injury."  *Schneider v. City of Grand Junction Policy Dept.*, 717 F.3d 760, 769 (10th Cir. 2013).

---

[4] Many of the allegations in Plaintiffs' *Monell* Claims are identical.  *Compare* Doc. 1, ¶¶ 39-45 *to* ¶¶ 48, 50-55.  Therefore, Defendant Coyle addresses the deficiencies in the *Monell* elements of both claims together.

With regard to the first *Monell* element, a practice is considered an official policy or custom "if it is a formally promulgated policy, a well-settled custom or practice, a final decision by a municipal policymaker, or deliberately indifferent training or supervision." *Id.* at 770. With respect to Defendant Coyle, the Complaint's only allegations as to the existence of a policy are the generic reference unnamed "policies and customs," and the reference to "rampant corruption." Doc. 1 ¶¶ 32-33. Such bare assertions without supporting facts simply restate the elements of the claim and fail to constitute adequate pleading. *See Iqbal*, 556 U.S. at 678. Plaintiffs make no attempt to allege what policies and customs are at issue, and fail to explain how the alleged "rampant corruption" constitutes an official policy. Therefore, Plaintiffs have failed to adequately plead this element of their *Monell* Claims.

With respect to the causation element of Plaintiffs' *Monell* Claims against Defendant Coyle, the Complaint again fails to adequately plead facts. The causation element requires that "the challenged policy or practice must be closely related to the violation of the plaintiff's federally protected right" and "is satisfied if the plaintiff shows that the municipality was the moving force behind the injury alleged." *Schnieder*, 717 F.3d at 770 (internal quotations omitted). The Complaint makes no explicit allegation as to how the alleged policies actually caused the injury to Plaintiffs. The Complaint simply states "Plaintiffs are informed and believe, and thereon allege, that the customs and policies of the West Valley City Police Department were the moving force behind the violations of Plaintiffs' rights." Doc. 1 ¶¶ 45, 55. Again, this allegation simply restates the element of causation, and is insufficient. The Complaint also states that the policies "allow[ed] the types of wrongs set forth hereinabove," but this sheds no light on

9

the issue of causation – certainly allowing something to happen and causing something to happen are two different things. Doc. 1 ¶ 33. Furthermore, the types of corruption the Complaint does identify are the "mishandling of evidence, confiscation of drugs for personal benefit, theft of seized property, illegal use of GPS tracking systems, improper use of confidential drug informants, and commission of perjury." *Id*. ¶¶ 41, 51. This alleged conduct is simply not "closely related to the violation" at issue, i.e., the use of excessive force against Willard, and Plaintiffs' Complaint makes no real attempt to connect this conduct to the alleged violation. *Schnieder*, 717 F.3d at 770. Thus, Plaintiffs Complaint fails to show that a specific action or inaction on the part of Defendant Coyle *caused* the alleged constitutional wrongs against Plaintiffs.

Lastly, a *Monell* claim must show that "the municipal action was taken with 'deliberate indifference' as to its known or obvious consequences." *Schnieder*, 717 F.3d at 770 (quoting *Bd. of Cty. Comm'rs v. Brown,* 520 U.S. 397, 407 (1997)). This standard can be "satisfied when the municipality has actual or constructive notice that its action or failure to act is substantially certain to result in a constitutional violation, and it consciously or deliberately chooses to disregard the risk of harm." *Id.* (quoting *Barney v. Pulsipher*, 143 F.3d 1299, 1307 (10th Cir. 1998)). With respect to Defendant Coyle, the Complaint merely states that he acted "knowingly and with gross negligence ... in deliberate indifference to the constitutional rights of citizens." Doc. 1 ¶¶ 39, 48. These allegations simply restate the deliberate indifference standard, and no facts are given to show how Defendant Coyle was allegedly on notice that his actions or failure to act would result in a constitutional violation, or that he consciously disregarded that risk. For

these reasons, Plaintiffs have failed to meet the threshold pleading standard to support their *Monell* Claims against Defendant Coyle.

### A. Plaintiffs' *Monell* Claims Are Improperly Brought Against Defendant Coyle, An Individual, And Fail To Plead Supervisory Liability.

Even if Plaintiffs have adequately pled the elements of a *Monell* claim, these elements do not apply to Defendant Coyle. *Monell* claims deal with the liability of municipalities, not individuals. Therefore, Plaintiffs' *Monell* Claims should be dismissed as inappropriately pled against Defendant Coyle, an individual.[5]

To the extent that Plaintiffs' *Monell* Claims are meant to allege supervisory liability against Defendant Coyle, Plaintiffs again have failed to adequately plead the required elements of such a claim. The Tenth Circuit has explained that § 1983 supervisory liability case law is based upon some of the same premises as the *Monell* standard (i.e., that there can be no liability under simple *respondeat superior*); however, the elements of supervisory liability are not the same as those for municipal liability under *Monell*. *Dodds v. Richardson*, 614 F.3d 1185, 1201-02, n. 10 (10th Cir. 2010); *Schnieder*, 717 F.3d at 767, 769. A claim for supervisory liability

---

[5] Although it is not clear from the Complaint, to the extent that Plaintiffs intended to bring this cause of action against Defendant Coyle in his official capacity, it should also be dismissed. Claims against individuals in their official capacities are essentially claims against their municipal employer. *Kentucky v. Graham*, 473 U.S. 159, 165 (1985). Because Plaintiffs also brought their Monell claim against Defendant West Valley City, the claim against Defendant Coyle is redundant and should be dismissed. *Kontgis v. Salt Lake City Corp.*, No. 2:11cv1078, 2012 WL 4343866, *6 (D.Utah, Sept. 21, 2012) (unpublished) ("this court routinely dismisses official capacity claims as being redundant with claims against the political entity"); *Eberle v. City of Newton*, 289 F.Supp.2d 1269, 1280 (D.Colo. 2003) (same); *see also Graham*, 473 U.S. at 167 n.14 ("There is no longer a need to bring official-capacity actions against local government officials, for under *Monell*, ... local government units can be sued directly for damages and injunctive or declaratory relief.").

must plead three elements: "(1) personal involvement, (2) causation, and (3) state of mind." *Schnieder*, 717 F.3d at 768.

With respect to personal involvement, Plaintiffs "must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Schnieder*, 717 F.3d at 768 (quoting *Iqbal*, 556 U.S. at 676). This standard requires more than just showing "exercise of control or direction, or ... failure to supervise." *Id.* While the Tenth Circuit has not determined the exact parameters of this element, *see id.*, it is clear from Plaintiffs' Complaint that they have failed to allege anything but conclusory allegations as to Defendant Coyle's involvement in a supervisory capacity. The Complaint contains no facts to indicate that Defendant Coyle was present at the time of Willard's shooting, or that he was involved in any policies pertaining to the use of fatal force. At most, Plaintiffs have alleged that Defendant Coyle ratified unnamed policies and failed to supervise, both of which are no longer sufficient to show personal involvement for purposes of supervisory liability. *Id.* The Complaint also alleges that Defendant Coyle "participated in the corruption within the department," Doc. 1, ¶¶ 40, 50, which allegedly consisted of "mishandling of evidence, confiscation of drugs for personal benefit, theft of seized property, illegal use of GPS tracking systems, improper use of confidential drug informants, and commission of perjury," *id*. ¶¶ 41, 51. While this allegation purports to show Defendant Coyle's involvement in certain conduct, it does not show Defendant Coyle's involvement in **the conduct that caused Plaintiffs' injury**. For these reasons, Plaintiffs' *Monell* Claims fail to adequately plead the first element of supervisory liability.

With respect to the element of causation, Plaintiffs again fail to plead sufficient facts to show that Defendant Coyle "set in motion a series of events that [he] knew or reasonably should have known would cause others to deprive [Plaintiffs] of [their] constitutional rights." *Id.* At most, Plaintiffs have simply alleged conclusory statements of causation that are insufficient to meet the pleading standard.

Lastly, Plaintiffs have failed to allege facts to show that Defendant Coyle acted with the appropriate state of mind. Unlike in *Monell* claims, supervisory liability claims require the same state of mind that is necessary to prove the underlying constitutional violation. *Dodds*, 614 F.3d at 1204. Here, Plaintiffs have alleged violations under the First, Fourth and Fourteenth Amendments. Doc. 1, ¶¶ 27, 33. For First Amendment claims like the one asserted by Plaintiffs[6], courts apply a state of mind requirement that entails a showing of "intent to repress an individual's protected speech or association." *Trujillo v. Board of County Com'rs of Santa Fe County*, 768 F.2d 1186, 1189 (10th Cir. 1985). As argued more fully below, the Complaint contains nothing but conclusory allegations of intent to repress Plaintiff's First Amendment rights. *See supra*, section IV.B; *see also* Doc. 1, ¶ 49.

With respect to the Fourth Amendment claims, federal case law provides that the state of mind of an officer is not relevant, but rather whether the officers' deliberate actions were objectively reasonable. *See Brigham City, Utah v. Stuart*, 547 U.S. 398, 404 (2006); *see also Kemp v. Lawyer*, No. 11-cv-01368, 2012 WL 400286, *8 (D.Colo. Feb. 8, 2012) (unpublished)

---

[6] Plaintiffs assert their First Amendment claim in the context of deprivation of the right to familial association. Doc. 1, ¶ 49.

(applying Fourth Amendment objective reasonableness standard, coupled with deliberate act requirement, to the supervisory liability state of mind element). Plaintiffs' Complaint makes no allegations of the objective reasonableness of Defendant Coyle's supervisory actions.

With respect to the Fourteenth Amendment claims, the Tenth Circuit has applied deliberate indifference as the required state of mind for substantive due process violations. *See Dodds*, 614 F.2d at 1205. As stated above, Plaintiffs have pled only conclusory allegations with respect to deliberate indifference. For these reasons, even giving Plaintiffs the benefit of the doubt and assuming they meant to plead supervisory liability against Defendant Coyle, Plaintiffs' Complaint has failed to sufficiently allege the elements of such a claim, and should be dismissed.

### B. Plaintiffs' Fourth Cause Of Action For Deprivation Of The Rights To A Familial Relationship Under § 1983 Is Not Adequately Pled.

In addition to failing to meet the elements of a *Monell* or supervisory liability claim, Plaintiffs' Fourth Cause of Action fails to adequately plead a § 1983 violation of Plaintiffs' right to familial association. The Tenth Circuit has recognized a constitutionally protected right to familial association. *Trujillo v. Board of County Com'rs of Santa Fe County*, 768 F.2d 1186, 1189 (10th Cir. 1985). That court also determined that "an allegation of intent to interfere with a particular relationship protected by the freedom of intimate association is required to state a claim under section 1983." *Id.* at 1190. Under this standard, it is not enough to allege intent with respect to the violation of the victim's rights; the intent must be to deprive the Plaintiffs[7] of

---

[7] Because the Fourth Cause of Action is entitled "Deprivation of the Rights of Plaintiffs to

14

their familial rights with the victim. *Id.*; *see also Vieger v. City of Kansas City, Kan.*, No. 93-2052-JWL, 1993 WL 105140, *2 (D.Kan. April 1, 1993) (unpublished) (holding that a "defendants' actions must be directed at the family association right itself, not merely have an incidental effect on that right.").

Plaintiffs' Fourth Cause of Action contains the following allegation with regard to Defendant Coyle's intent:

> Defendant[] Coyle ... deprived Plaintiffs of their right to a familial relationship without due process of law by allowing their officers to use unjustified and fatal force against Danielle Willard ***with the deliberate intent to cause Danielle Willard harm so that she could not and would not return to her parents in her home state of Washington***, in violation of rights, privileges, and immunities secured by the First and Fourteenth Amendments to the United States Constitution.

Doc. 1, ¶ 49 (emphasis added). Other district courts applying the *Trujillo* standard have found similar allegations inadequate to state a claim of deprivation of familial association rights under § 1983. In *Lucero Through Chavez v. City of Albuquerque*, 140 F.R.D. 455 (D.N.M. 1992), the New Mexico District Court determined that the conclusory allegation that, by killing the decedent, the officers intentionally deprived his children of their familial relationship with their father was insufficient to plead a claim under *Trujillo*. That court explained that "[a] complaint must contain specific factual allegations which would support an inference of the required intent," including "an intent to interfere with a '*particular*' relationship, rather than an intent to interfere with familial relationships generally." *Id*. at 458 (emphasis in original). The *Lucero*

---

a Familial Relationship **with the Decedent**," Defendant Coyle assumes that this claim is only being brought by Plaintiffs Melissa Kennedy and Frederick Willard, not the Estate of Willard. Doc. 1, at 9 (emphasis added).

Court concluded that the familial association claim was inadequately pled because there was "no allegation that the defendants even knew of the existence of the Lucero sons, much less that they acted in any way suggesting that they had formed the intent to interfere with the [sons'] constitutional rights." *Id.*

The Kansas District Court also addressed this issue in *Stewart v. City of Prairie Village, Kan.*, 904 F.Supp.2d 1143, 1163-64 (D.Kan. 2012), where the mentally-ill decedent in that case requested that officers call her mother and gave them her mother's name and phone number. *Id.* Even though the officers told the decedent that they could not contact her mother, no one actually attempted to call the mother to inform her of the situation with her daughter. *Id.* Despite these allegations, the court still found that the claim for violation of familial association was inadequately pled because the plaintiff did not identify an interference with the ***mother's*** right to familial association (at most the failure to comply with the decedent's request interfered with her own right to associate with her mother), and there were no allegations to indicate that the failure to call the mother was "directed at the familial relationship with knowledge that the[] failure to call would adversely affect that relationship." *Id.* at 1164.

Here, as in *Lucero* and *Stewart*, Plaintiffs make no factual allegations to indicate that Defendant Coyle's actions were directed at their familial relationship with Willard, nor that the Defendant Coyle even knew that his actions would affect their particular relationship. All Plaintiffs have alleged is that Willard's death had an incidental effect on their familial relationship, which is insufficient under *Trujillo*. *Vieger*, 1993 WL 105149, *2. Furthermore, the allegation that the actions were taken "so that [Willard] could not and would not return to her

parents in her home state of Washington," if anything, merely alleges an interference with *Willard's* right of familial relations, not her parents' right. Doc. 1, ¶ 49. Nothing in the Complaint indicates that Defendants acted with Willard's relationship with her parents in mind. Therefore, Plaintiffs' Fourth Cause of Action is inadequately pled and should be dismissed with prejudice.

## CONCLUSION

For the foregoing reasons, Plaintiffs' Complaint has failed to state a claim for which relief can be granted against Defendant Coyle in their Third, Fourth and Fifth Causes of Action, and these claims should therefore be dismissed with prejudice.

DATED this 24th day of January, 2014.

        **STIRBA, P.C.**

By:     /s/ R. Blake Hamilton
    R. BLAKE HAMILTON
    ASHLEY M. GREGSON
    *Attorneys for Defendant John Coyle*

**CERTIFICATE OF SERVICE**

      I hereby certify that on this 24th day of January, 2014, a true copy of the foregoing **DEFENDANT JOHN COYLE'S MOTION FOR JUDGMENT ON THE PLEADINGS ON PLAINTIFFS' THIRD, FOURTH AND FIFTH CAUSES OF ACTION AND MEMORANDUM IN SUPPORT THEREOF** was served by the method indicated below, to the following:

| | |
|---|---|
| Jon D. Williams | (  ) U.S. Mail, Postage Prepaid |
| Suite 600 | (  ) Hand Delivered |
| 9 Exchange Place | (  ) Overnight Mail |
| Salt Lake City, UT 84111 | (  ) Facsimile |
| | (X) Electronic Filing |
| | |
| Mark J. Geragos | |
| GERAGOS & GERAGOS, APC | (  ) U.S. Mail, Postage Prepaid |
| 644 South Figueroa Street | (  ) Hand Delivered |
| Los Angeles, CA 90017 | (  ) Overnight Mail |
| | (  ) Facsimile |
| Dennis C. Ferguson | (X) Electronic Filing |
| WILLIAMS & HUNT | |
| 257 East 200 South, Suite 500 | (  ) U.S. Mail, Postage Prepaid |
| P.O. Box 45678 | (  ) Hand Delivered |
| Salt Lake City, UT 84145-5678 | (  ) Overnight Mail |
| | (  ) Facsimile |
| Heather S. White | (X) Electronic Filing |
| R. Scott Young | |
| Nathan A. Crane | (  ) U.S. Mail, Postage Prepaid |
| SNOW, CHRISTENSEN & MARTINEAU | (  ) Hand Delivered |
| 10 Exchange Place, 11th Floor | (  ) Overnight Mail |
| P.O. Box 45000 | (  ) Facsimile |
| Salt Lake City, Utah  84145 | (X) Electronic Filing |
| | |
| Stephen F. Noel | (  ) U.S. Mail, Postage Prepaid |
| SMITH KNOWLES | (  ) Hand Delivered |
| Suite 200 | (  ) Overnight Mail |
| 4723 Harrison Blvd. | (  ) Facsimile |
| Ogden, Utah  84403 | (X) Electronic Filing |

                                                                      /s/ Jane Wiscomb
                                                                        Legal Assistant