HEATHER S. WHITE (7674)
R. SCOTT YOUNG (10695)
NATHAN A. CRANE (10165)
SNOW, CHRISTENSEN & MARTINEAU
Attorneys for Defendants West Valley City
    and Thayle Nielsen
10 Exchange Place, Eleventh Floor
Post Office Box 45000
Salt Lake City, Utah  84145
Telephone:  (801) 521-9000
Fax No.:  (801) 363-0400

IN THE UNITED STATES DISTRICT COURT

STATE OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| MELISSA KENNEDY; FREDERICK WILLARD; and THE ESTATE OF DANIELLE MISHA WILLARD,<br><br>    Plaintiff,<br><br>vs.<br><br>WEST VALLEY CITY; SHAUN COWLEY; KEVIN SALMON; JOHN COYLE; THAYLE "BUZZ" NIELSEN; and DOES 1-10,<br><br>    Defendants. | **SECOND MOTION TO CONDUCT THE DEPOSITIONS OF JOHN ANTHONY GINES AND DAVID BRANDON GINES AT UTAH STATE PRISON**<br><br><br>Civil No. 2:13-cv-00434<br><br>Judge David Nuffer<br><br>Magistrate Judge Evelyn J. Furse |

## INTRODUCTION

Defendants West Valley City and Thayle Nielsen ("West Valley City Defendants") move the Court a second time for an order permitting the depositions of John Anthony Gines, Offender #173775, and David Brandon Gines, Offender #159751 at the Utah State Prison, Draper, Utah. The depositions, originally scheduled for June 30, 2014, did not go forward due to objections made by counsel for Plaintiffs after the Court entered its June 12, 2014 order permitting such

(Docket No. 53). A new order is necessary for the Utah State Prison to allow the depositions to take place.

## FACTS

1. West Valley City Defendants moved the Court on June 5, 2014 for an order permitting the depositions of John Gines and David Gines on June 30, 2014. (Docket No. 50, Ex. 1.)

2. The Court conducted a hearing on that motion on June 12, 2014. (Docket No. 52, Ex. 2.)

3. When Plaintiffs asserted no objections, the Court granted the motion and entered an order permitting the depositions to go forward on Monday, June 30, 2014. (Docket No. 54, Ex. 3; Docket No. 53, Ex. 4.)

4. At 9:50 p.m.[1] on Friday, June 27, 2014, Plaintiffs' counsel sent counsel for West Valley City Defendants an email objecting to the depositions asserting there are pending criminal charges against John Gines and his counsel was not notified of his deposition. They also claimed a criminal investigation against David Gines by a West Valley City officer was problematic. (June 27, 2014 email from Plaintiffs' counsel, Ex. 5.)

5. Counsel for West Valley City Defendants explained in an email later that evening that neither she nor her clients were aware that either John Gines or David Gines were represented by counsel and, because Plaintiffs' counsel was aware who John's attorney was and had spoken with that attorney, that they have his attorney contact her about the deposition. She

---

[1] Plaintiffs are represented by counsel in Salt Lake City and Los Angeles, CA, both of whom sent emails regarding the matter. All times referenced in this motion are to Mountain Daylight Time.

provided them her cell phone number for that purpose. She also explained, "Preliminarily I do not see how the depositions will be problematic because the questioning focuses on Danielle and their interactions with her." (June 27, 2014 10:18 p.m. email from WVC Defendants' counsel, Ex. 6.)

6. After checking the court dockets, counsel for West Valley City sent another email to Plaintiffs' counsel explaining she could find no pending criminal charges against David Gines, as asserted by Plaintiffs' counsel. (June 27, 2014 10:42 p.m. email from WVC Defendants' counsel, Ex. 7.)

7. Plaintiffs' counsel wrote back, "David Gines is the subject of a capital murder investigation. The head of that investigation is former NNU detective Sean McCarthy, who is still employed by your client . . . I believe you could check with your client to determine who is representing David Gines." (June 27, 2014 11:01 p.m. email from Plaintiffs' counsel, Ex. 8.)

8. Plaintiffs' counsel sent a further email stating as follows:

> Heather, if it is true your client in this matter is also the very agency investigating Mr Gines then the proposed deposition is a clear ethical violation that we will not be a party to. In addition it would appear that the deposition would compromise a pending death penalty investigation conducted by your client. I can't imagine that your client would want to sacrifice the prosecution of a cold blooded murderer in order to smear the memory of Danielle, even if the motivation is to save a couple of bucks for your client.

(June 28, 2014 12:29 a.m. email from Plaintiffs' counsel, Ex. 9.)

9. Early Saturday morning, counsel for West Valley City Defendants responded, "I have no idea about any investigation. I will talk with my client and get back with you." (June 28, 2014 7:39 a.m. email from WVC Defendants' counsel, Ex. 10.) She further inquired "when you learned of the investigation against David Gines and the charges against John Gines?" (June

3

28, 2014 7:54 a.m. email from WVC Defendants' counsel, Ex. 11.)  Plaintiffs' counsel never responded to that inquiry.

      10.     Counsel for WVC Defendants informed Plaintiffs' counsel early Saturday afternoon:

> I have spoken with several detectives at West Valley City, including Detective McCarthy.  I am informed that West Valley City is NOT investigating either of the Gines brothers for capital murder or any other crime.  Moreover, they are not aware of any attorneys representing either John or David.
>
> Unless you have any additional information, I do not see why the depositions on Monday should not go forward.  If you do have additional information, including current attorney information for either of them, I am happy to consider it.  Please provide it to me.  Otherwise, we will plan on going forward with the depositions on Monday morning.  Thank you.

(June 28, 2014 12:22 p.m. email from WVC Defendants' counsel, Ex. 12.)

      11.     Plaintiffs' counsel responded later Saturday afternoon as follows:

> Heather, contrary to what the Detectives told you there are not only charges pending and that he is represented by Counsel but the Utah public records show that John Gines is due for a scheduling conference on his Felony case this Monday June 30, 2014.  The case appears to have been pending for well over one year.  Please let me know if Detective McCarthy is available for a deposition this week. In addition, please let me know which other Detectives/Officers you spoke with as we would like to depose them as well.

(June 28, 2014 5:50 p.m. email from Plaintiffs' counsel, Ex. 13.)

      12.     Counsel for WVC Defendants responded Sunday afternoon as follows:

> I did not say there were not charges pending against John Gines.  I said, "West Valley City is NOT investigating either of the Gines brothers for capital murder or any other crime.  Moreover, they are not aware of any attorneys representing either John or David."  Those were the concerns you raised in your prior email.
>
> I am not sure that Plaintiffs have any standing to object to the Gines' depositions going forward on Monday.  First, these are civil depositions being taken pursuant to a court order entered by Magistrate Judge Furse without objection from Plaintiffs.   Second, you have provided no information that either John Gines' or

4

> David Gines' current attorneys have any objection to the depositions taking place as scheduled.  Nevertheless, to avoid any problems, based on the information you have asserted, we will agree to continue the depositions to a later date.  I will file a motion with Judge Furse Monday morning informing her what has occurred and requesting an order for a new date and time for their depositions.  I will then serve a copy of that order on the attorneys of record for John Gines and David Gines in cases in Utah courts from 2012 to the present.
>
> Detective McCarthy is not available for deposition next week.  Moreover, without more information, I do not see that his deposition or the depositions of any other officers with whom I spoke about the matter are reasonably calculated to lead to the discovery of admissible evidence.  I am happy to consider why you think they are if you would like to provide that to me.
>
> If I am not mistaken, that leaves the only depositions for next week as Wayne Pyle and Lt. Coyle.  We will look forward to seeing you at those.  Thank you.

(June 29, 2014 2:43p.m. email from WVC Defendants' counsel, Ex. 14.)

      13.     Plaintiffs sent an email to counsel for all Defendants this afternoon (Monday, June 30, 2014) unilaterally canceling the deposition of Lt. John Coyle, scheduled for tomorrow afternoon, July 1, 2014 due to a "scheduling conflict."  (June 30, 2014 12:27 p.m. email from Plaintiffs' counsel, Ex. 15.)

## ARGUMENT

### A COURT ORDER IS NECESSARY TO CONDUT THE DEPOSITIONS OF DAVID GINES AND JOHN GINES IN PRISON

     Plaintiffs raised two concerns in their last-minute objection to the depositions of David Gines and John Gines:  1) pending criminal investigations or charges against them; and 2) notice to their criminal attorneys about the depositions.  West Valley City Defendants have tried to get information about both from Plaintiffs' counsel, but Plaintiffs' counsel has not provided it, despite their claim "[w]e have spoken to Mr. Gines' attorney in the Public Defender's office . . . ."  (June 27, 2014 email from Plaintiffs' counsel, Ex. 5.)  Counsel for West Valley City

5

Defendants also provided Plaintiffs with her cell phone number to give to the public defender to discuss the June 30th deposition, but Plaintiffs' counsel responded only by telling her to find out who it was and call him. Any efforts to contact the attorney at the attorney's office on the weekend would not likely be successful. Counsel for West Valley City Defendants tried to get Plaintiffs to facilitate communication with any attorneys representing the Gines to attempt to go forward with the depositions without success.

Moreover, counsel for West Valley City Defendants looked into the alleged assertions that a West Valley City detective was investigating David Gines for capital homicide. That assertion proved untrue. Moreover, the pending criminal allegations against John Gines do not appear to have anything to do with questions that will be asked at the deposition: the Gines' relationship and interactions with Danielle Willard. According to state court dockets, they are for aggravated assault by a prisoner (*State v. Gines*, Third District Court, Case No. 131907278), possession use of a controlled substance and failure to stop at the command of law enforcement (*State v. Gines*, Third District Court, Case No. 141904337).

In taking a civil deposition, it is the duty of the attorney taking the deposition to provide notice to the party to be deposed. The burden is then on the party being deposed to obtain counsel for the deposition, if desired. It is not the duty of a party taking a deposition to run court searches for any pending cases, civil or criminal, involving a deponent to provide notice to counsel who may no longer even represent the deponent in an unrelated case.

Nevertheless, West Valley Defendants have, in an abundance of caution and courtesy continued the depositions of David Gines and John Gines to provide notice of those to their counsel of record in criminal cases in Utah courts from 2012 to the present. That search revealed

6

that attorneys Nisa J. Sisneros, Christopher J. Jones, Charity Shreve and Jason M. Poppleton have represented David Gines and that attorneys Nisa J. Sisneros and Christopher J. Jones have represented John Gines. Counsel for West Valley Defendants is sending a copy of this motion to those attorneys and will work with them, as well as all counsel in this case, in coordinating a new date and time for the depositions of John Gines and David Gines.

Because of the extent of the work it takes to coordinate depositions of incarcerated individuals, WVC Defendants request that the Court include in the order a provision that, once set, the depositions may only be rescheduled due to an emergency. A proposed order granting this motion is attached as Exhibit 16.

DATED this 30th day of June, 2014.

SNOW, CHRISTENSEN & MARTINEAU

_____
Heather S. White
R. Scott Young
Nathan A. Crane
 Attorneys for Defendants West Valley City
  and Thayle Nielsen

7

## CERTIFICATE OF SERVICE

I hereby certify that on the 30th day of June, 2014, I electronically filed the foregoing **SECOND MOTION TO CONDUCT THE DEPOSITIONS OF JOHN ANTHONY GINES AND DAVID BRANDON GINES AT UTAH STATE PRISON** with the Clerk of the Court using the CM/ECF System, which will send notification of such filing to the following:

Jon D. Williams
9 Exchange Pl #600
Salt Lake City, UT 84111

Mark J. Geragos
Ben Meiselas
GERAGOS & GERAGOS, APC
644 South Figueroa Street
Los Angeles, California 90017

*Attorneys for Plaintiffs*

Dennis C. Ferguson
257 East 200 South, Suite 500
P.O. Box 45678
Salt Lake City, Utah 84145-5678
*Attorney for Shaun Cowley*

Stephen F. Noel
SMITH KNOWLES
2225 Washington Blvd., Suite 200
Ogden, UT 84401
*Attorney for Kevin Salmon*

R. Blake Hamilton
STIRBA, P.C.
215 S. State Street, Suite 750
P.O. Box 810
Salt Lake City, Utah 84111-0810
*Attorney for Defendant John Coyle*

Also via *U.S. Mail, postage prepaid*, upon:

Nisa J. Sisneros
Salt Lake Legal Defenders Association
Felony Division
424 East 500 South, Suite 300
Salt Lake City, Utah 84111
*Attorney for David Gines*

Christopher J. Jones
Salt Lake Legal Defender Association
424 East 500 South, Suite 300
Salt Lake City, Utah 84111
*Attorney for David Gines*

Charity Shreve
Salt Lake Legal Defender Assoc
424 East 500 South, Suite 300
Salt Lake City, Utah 84111
*Attorney for David Gines*

Jason M. Poppleton
Salt Lake Legal Defenders Association
Felony Division
424 E 500 S Ste 300
Salt Lake City, Utah 84111
*Attorney for David Gines*

Nisa J. Sisneros  
Salt Lake Legal Defenders Association  
Felony Division  
424 East 500 South, Suite 300  
Salt Lake City, Utah 84111  
*Attorney for John Gines*

Christopher J. Jones  
Salt Lake Legal Defender Association  
424 East 500 South, Suite 300  
Salt Lake City, Utah 84111  
*Attorney for John Gines*

/s/ Shauna Wada