R. Blake Hamilton (Bar No. 11395)
Ashley M. Gregson (Bar No. 13716)
**DURHAM JONES & PINEGAR, P.C.**
111 East Broadway, Suite 900
Salt Lake City, UT  84111
Telephone: (801) 415-3000
Facsimile: (801) 415-3500

ATTORNEYS FOR DEFENDANT JOHN COYLE

# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

# CENTRAL DIVISION

| | |
|---|---|
| MELISSA KENNEDY; FREDERICK WILLARD; and THE ESTATE OF DANIELLE MISHA WILLARD,<br><br>    Plaintiffs,<br><br>v.<br><br>WEST VALLEY CITY; SHAUN COWLEY; KEVIN SALMON; JOHN COYLE; THAYLE "BUZZ" NIELSEN; and DOES 1-10,<br><br>    Defendants. | **DEFENDANT JOHN COYLE'S RESPONSE TO MOTIONS TO STAY PENDING OUTCOME OF CRIMINAL PROCEEDINGS**<br><br><br>Civil No. 2:13-cv-00434<br><br>Judge David Nuffer<br>Magistrate Judge Evelyn J. Furse |

Defendant John Coyle hereby submits this Response to Motions to Stay Pending Outcome of Criminal Proceedings filed by co-Defendant Shaun Cowley [Doc. 58] and co-Defendants West Valley City and Thayle Nielsen ("WVC Defendants") [Doc. 61].  For the reasons set forth below, Defendant Coyle agrees that a stay is appropriate given Defendant Cowley's pending criminal proceedings, however Defendant Coyle would request that this Court

reserve the ability to hear and decide Defendant Coyle's pending Motion for Judgment on the Pleadings [Doc. 30].

## BACKGROUND

Defendant Coyle filed his Motion for Judgment on the Pleadings on January 24, 2014. Doc. 30. Defendant Coyle's Motion was fully briefed and a Request to Submit was filed on April 16, 2014. Doc. 39. Co-Defendants Shaun Cowley, West Valley City, and Thayle Nielsen did not oppose or otherwise file briefs regarding Defendant Coyle's Motion. This Court has not yet set oral argument on Defendant Coyle's Motion.

## ARGUMENT

**I.   THIS COURT SHOULD GRANT THE REQUESTED STAY BUT RESERVE THE ABILITY TO DECIDE DEFENDANT COYLE'S PENDING MOTION.**

Defendant Coyle agrees with and incorporates by reference the arguments of Defendant Cowley and WVC Defendants in their respective Motions to Stay. Doc. 58, 61. Defendant Coyle shares the adverse inference and Fifth Amendment concerns of Movants. Furthermore, Defendant Coyle may be called to testify in Defendant Cowley's criminal proceeding. For these reasons Defendant Coyle acknowledges that a stay on the majority of this case's proceedings, especially discovery, is necessary. However, both Motions for Stay request an order staying this entire proceeding. Defendant Coyle's Motion for Judgment on the Pleadings has been fully briefed and submitted for decision. Defendant Coyle therefore supports the Motions for Stay except with respect to staying this Court's hearing and deciding Defendant Coyle's pending Motion.

A motion for judgment on the pleadings brought under Rule 12(c) requires the Court to apply a Rule 12(b)(6) standard and examine only the allegations in Plaintiff's Complaint. *Pleas*

*v. First Student, Inc.*, 837 F.Supp.2d 1250, 1252 (D.Kan. 2011).  A pending criminal proceeding will have no effect on this Court's ability to determine whether Plaintiffs' Complaint adequately asserts "a claim for which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  No testimony from any defendant, let alone Defendant Cowley, will be necessary to decide Defendant Coyle's Motion.  Other Courts, under similar circumstances, have granted a stay on discovery but allowed pending Rule 12(b)(6) motions to continue.  *See, e.g., DeAtley v. Allard*, 2014 WL 1258170, *4-*5 (D.Colo. March 27, 2014) (finding "that a stay of *discovery* is warranted" but declining "to stay briefing or ruling on Defendants' motions to dismiss" on the grounds of a pending criminal proceeding (emphasis in original)); *see also Ashworth v. Albers Medical, Inc.*, 229 F.R.D. 527, 532 (S.D.W.V. 2005) (limiting the scope of the stay to discovery, finding no reason to "hold in abeyance a ruling on [defendant's fully briefed and pending motion to dismiss]" due to pending criminal proceeding).  Therefore, this Court should grant the stay with regard to all aspects of this proceeding except the hearing and determination of Defendant Coyle's pending Motion.

## CONCLUSION

Hearing and deciding Defendant Coyle's fully briefed Motion for Judgment on the Pleadings would not raise any Fifth Amendment or other concerns given a pending criminal proceeding against Defendant Cowley.  Defendant Coyle agrees that a stay of discovery is necessary for the reasons set forth in co-Defendants' Motions to Stay, but requests the Court to limit the scope of that stay to allow the Court to hear and decide Defendant Coyle's pending Motion.

DATED this 7th day of July, 2014.

          **DURHAM JONES & PINEGAR, P.C.**

          /s/ R. Blake Hamilton
          R. BLAKE HAMILTON
          ASHLEY M. GREGSON
          Attorneys for Defendant John Coyle

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the **DEFENDANT JOHN COYLE'S RESPONSE TO MOTIONS TO STAY PENDING OUTCOME OF CRIMINAL PROCEEDINGS** was served this 7th day of July, 2014, via electronic court filing upon the following:

Jon D. Williams
9 Exchange Place, #600
Salt Lake City, UT 84111

Mark J. Geragos
Shelley Kaufman
GERAGOS & GERAGOS, APC
644 South Figueroa Street
Los Angeles, CA 90017

Heather S. White
R. Scott Young
Nathan A. Crane
Nathan R. Skeen
SNOW CHRISTENSEN & MARTINEAU
10 Exchange Place, 11th Floor
Salt Lake City, UT 84145

Stephen F. Noel
SMITH KNOWLES
4723 Harrizon Blvd., Ste. 200
Ogden, UT 84403

Dennis C. Ferguson
WILLIAMS & HUNT
257 East 200 South, Suite 500
Salt Lake City,  UT 84145

/s/ Carrie Watters